WINNIE PIPELINE V. HARRINGTON



NO. 07-03-0028-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 26, 2004



______________________________




WINNIE PIPELINE COMPANY, N/K/A ACACIA NATURAL GAS CORPORATION,


AND MITCHELL GAS SERVICES, L.P., SUCCESSOR IN INTEREST


TO MITCHELL MARKETING COMPANY, F/K/A SOUTHEASTERN


MARKETING COMPANY, N/K/A DEVON GAS SERVICES, L.P.,



 Appellants


v.



WILLIAM HARRINGTON, 


 Appellee



_________________________________



FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-10-06625-CV; HON. SUZANNE STOVALL, PRESIDING



_______________________________



On Motion to Dismiss



_______________________________




Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Winnie Pipeline Company, n/k/a Acacia Natural Gas Corporation, and Mitchell Gas
Services, L.P., successor in interest to Mitchell Marketing Company, f/k/a Southeastern
Marketing Company, n/k/a Devon Gas Services, L.P. (Winnie), by and through its attorney,
has filed a motion to dismiss this appeal because it no longer desires to prosecute it. 
Without passing on the merits of the case, we grant the motion to dismiss pursuant to
Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed
the appeal at appellant's request, no motion for rehearing will be entertained, and our
mandate will issue forthwith. 

 Per Curiam


 



appellee has not been appointed counsel on appeal.

 Consequently, we abate this appeal and remand the matter to the trial court for
further proceedings. Upon remand, the trial court shall determine, if appellee is not
represented by counsel, whether appellee is indigent and is entitled to appointed counsel. 
Should the trial court determine that appellee's circumstances warrant the appointment of
counsel, the trial court is directed to provide this court the name, address, telephone
number, and state bar number of said counsel. The trial court may hold hearings and enter
orders as the court deems necessary regarding the aforementioned issues and shall cause
its findings and conclusions and any orders entered to be included in a supplemental
clerk's record. A supplemental reporter's record of any hearing held shall be transcribed. 



Finally, the trial court shall ensure that the entire clerk's record and the supplemental
reporter's record be filed with the Clerk of this Court by Monday, July 16, 2007. 


 Per Curiam



 




Do not publish.